UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-80020-Civ-Hurley/Hopkins

AMERICAN HOME ASSURANCE CO.,

　　　　　　　Plaintiff,

vs.

RAP TRUCKING INC.

　　　　　　　Defendant.
_____/

## REPORT AND RECOMMENDATION AS TO PLAINTIFF'S MOTION FOR AWARD OF COSTS (DE 61)

**THIS CAUSE** has come before this Court upon an Order referring Plaintiff's Motion for

an Award of Costs to the undersigned United States Magistrate Judge for a Report and

Recommendation.  (DE 62).  Plaintiff filed its Motion for an Award of Costs on March 4, 2010.

(DE 61).  The time for filing a response has passed and, to date, Defendant has not filed any

opposition papers.

For the reasons that follow, this Court **RECOMMENDS** that the District Court **GRANT**

**IN PART AND DENY IN PART** Plaintiff's Motion for Costs. (DE 61).


## BACKGROUND

Plaintiff American Home Assurance Company brought this action under the Carmack

Amendment to the Interstate Commerce Act against Defendant, an interstate trucking company,

for losses resulting from late delivery of specialized trade show equipment.  (DE 1).  The parties

filed cross-motions for summary judgment and on February 9, 2010, the District Court granted

Plaintiff's motion and denied Defendant's motion.  (DE 52).  The Court entered judgment in favor of Plaintiff and against Defendant in the amount of $154,802.36, plus interest.  (DE 59).

On March 4, 2010, Plaintiff filed the instant Motion for Costs, seeking $1,221.46 for filing fees, service of process, and transcripts.

## DISCUSSION

### A.  Prevailing Party

Under the Federal Rules, prevailing parties are entitled to recover costs as a matter of course unless otherwise directed by the court or statute.  *See* Fed. R. Civ. P. 54(d)(1).  Thus, there is a "strong presumption" that the prevailing party will be awarded costs.  *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)(*citing Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).  "Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Fireman's Fund Ins. Co. v. Tropical Shipping and Const. Co., Ltd.*, 254 F.3d 987, 1012 (11th Cir. 2001).  The Eleventh Circuit has stated that "[t]o be a prevailing party [a] party need not prevail on all issues to justify a full award of costs" and that "[c]ases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)(*citations omitted*).

Here, the Court entered judgment in Plaintiff's favor and, thus, it is clear that Plaintiff is the prevailing party entitled to recovery of its costs.  *See Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, *12 (S.D. Fla. April 14, 2009)(where plaintiff received a judgment in her favor, court found she was prevailing party entitled to costs); *Stein v. Paradigm*

*Mirasol, LLC*, 2009 WL 32887, 82 (M.D. Fla. Jan. 6, 2009)(same).

**B.  Taxable Costs**

      Once the Court has determined who is the prevailing party, it may only tax costs as authorized by statute.  *See EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  Where the losing party challenges the costs requested, the burden lies with the challenging party to demonstrate that the costs sought are not appropriate.  *See Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005).

      28 U.S.C. § 1920 sets forth the expenses that "a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987).  This section provides in part,

> A judge or clerk of any court of the United States may tax as costs
> the following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic
> transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily
> obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of
> interpreters, and salaries, fees, expenses, and costs of special interpretation
> services under section 1828 of this title.

28 U.S.C. § 1920.

**1.  Filing Fees**

      In its motion, Plaintiff seeks reimbursement for the $350.00 filing fee to initiate its federal court action.  The Court's docket sheet for this case indicates that a $350.00 filing fee was paid when this case was commenced in federal court on January 8, 2009.  (DE 1)  Since it is well

settled that the initial filing fee paid to the Clerk of Court is taxable, Plaintiff is entitled to reimbursement for this cost. *See* 28 U.S.C. § 1920(1).

### 2. Costs for Service of Process

Plaintiff also seeks reimbursement in the amount of $20.00 for service of process. It is well settled that costs for having a private process server are compensable to the extent the fees are limited to those authorized in 28 U.S.C. § 1921. *See EEOC*, 213 F.3d at 624. In other words, the prevailing party is only entitled to those fees that would have been incurred had the United States Marshal's Office effected the service. *See Davis v. Sailormen, Inc.*, 2007 WL 1752465, *2-3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshall's rates); *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1299 (M.D. Fla. 2000)(same). Under 28 U.S.C. § 1921(b), the Attorney General is authorized to regulate the fees which will be charged by the Marshal's Service. Those regulations provide that the Marshal's Service charges $55.00 per hour for each subpoena served. *See* 28 C.F.R. § 0.114. *See Wish v. MSC Crociere S.A.*, 2009 WL 347793, *1 (S.D. Fla. Feb. 11, 2009)(based on 28 C.F.R. § 0.114, court determined that U.S. Marshal charges $55.00 per hour for personal service).

Based on the foregoing, this Court concludes that the $20.00 incurred by Plaintiff for service of process is within the rate charged by the Marshal's Service, and thus, Plaintiff is entitled to reimbursement of the cost. *See Wish*, 2009 WL 347793 at *1 (court awarded $55.00 for service of each person, unless a lower cost was actually incurred).

### 3. Court Reporter Fees for Transcripts

Plaintiff also seeks to recover $851.46 for transcription costs. In support of this request, Plaintiff attaches two invoices. The first invoice charges $322.20 and states that it is for the

4

"original transcript of Ken Burke." (DE 61). The second invoice charges $529.26 and states that it is for "services provided on 9/11/2009, Stephen Pini." (DE 61). The second invoice includes the following language: "services and charges typically include transcript/word index, exhibits, appearance fee, condensed transcript, litigation support disk, shipping, video charges and may include other service charges based on job or region." *Id.*

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable as long as the transcripts were "necessarily obtained for use in the case." *EEOC*, 213 F.3d at 620-621. In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.*

Here, Plaintiff does not explain the necessity of Ken Burke's deposition, nor does it appear to have been attached to the parties' summary judgment motions. Therefore, Plaintiff has not met its burden of showing entitlement to reimbursement for that deposition. However, the Court's examination of the record indicates that the 67-paged deposition of Stephen Pini, taken on September 11, 2009, was used in support of Plaintiff's motion for summary judgment. (DE 22). Therefore, the Court finds that the transcript was necessary and Plaintiff is entitled to recover the reasonable costs for obtaining it. *See Price v. United Technologies Corp.*, 2001 WL 36085163, *1-2 (S.D. Fla. July 27, 2001)(although defendant used only portions of deposition in summary judgment motion, it was entitled to recover cost of entire deposition transcript).

Courts have found that under 28 U.S.C. § 1920(2), the transcript and the attendance fee of the court reporter are recoverable. *See Whittier v. City of Sunrise*, 2008 WL 5765868, *5 (S.D. Fla. Dec. 3, 2008)(court allowed reimbursement of transcript and stenographer's attendance fee). Other costs, unless specifically justified as necessary, are considered to be only for the

5

convenience of counsel and are not reimbursable.  Here, the invoice for Stephen Pini's deposition does not breakdown the amounts charged for unreimbursable services, such as shipping, exhibits, and condensed transcripts, even though the invoice states that such are "typically included." *See George v. Florida Dept. of Corrections*, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008)(court denied reimbursement of transcript delivery fee where defendant failed to demonstrate that the cost was not merely for counsel's convenience, but, instead, constituted a necessary expense); *Suarez v. Tremont Towing, Inc.*, 2008 WL 2955123, *3 (S.D. Fla. Aug. 1, 2008)(court did not allow reimbursement for delivery charges or charges for exhibits, finding such were not taxable costs).  Based upon the minimal information provided, the Court finds that Plaintiff should only recover the regular rate for stenographic costs in this District of $4.02 per page.  *See* Clerk's Office Fee Schedule for the Southern District of Florida at http://www.flsd.uscourts.gov.  *See also Correa v. Illinois Dept. of Corrections*, 2008 WL 299078, *2 (N.D. Ill. Jan. 29, 2008)(court used rates established by Judicial Conference to consider reasonableness of deposition transcription costs). Accordingly, the reimbursable amount for the Pini deposition transcript is $269.34.

## RECOMMENDATION TO THE DISTRICT COURT

In conclusion, this Court **RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for an Award of Costs (DE 61), awarding Plaintiff costs as follows:

1.) Costs for Filing Fees:          $350.00

2.) Costs for Service of Process:   $ 20.00

6

2.)  Costs for Transcripts:            $269.34

**TOTAL AWARD OF COSTS**:                         $639.34

<u>**NOTICE OF RIGHT TO OBJECT**</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Daniel T. K. Hurley, United States District Court Judge for the Southern District of Florida, within fourteen (14) days of being served with a copy of this Report and Recommendation.  *See* Statutory Time-Periods Technical Amendments Act of 2009, H.R. 1626, sec. 6, amending 28 U.S.C. § 636(b)(1) to provide that " . . . within fourteen days  after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").  *See also* Fed. R. Civ. P. 72(b) (2009) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.") Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *RTC v. Hallmark Builders, Inc*, 996 F.2d 1144, 1149 (11th Cir. 1993).

7

**DONE and SUBMITTED** in Chambers this 23 day of March, 2010, at West Palm Beach

in the Southern District of Florida.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE


Copies to:
The Hon. Daniel T. K. Hurley, United States District Court Judge for the Southern District of
Florida
All counsel of record

8