# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**AMERICAN HOME ASSURANCE COMPANY,**  Case No: 9:09-CV-80020

    **Plaintiffs,**

vs.

**RAP TRUCKING, INC. and SHOWTIME ENTERTAINMENT TRANSPORT LLC,**

    **Defendants.**

_____/

## STIPULATED PROTECTIVE ORDER

Upon the Court's June 3, 2010 Order Granting In Part Plaintiff's Post-Judgment Motion to Compel [Dkt., 91], and the Court's subsequent June 18, 2010 Order, it is hereby ordered that:

1. All Classified Information produced or exchanged in the course of this litigation shall be used solely for the purpose of post-judgment collection matters and for no other purpose whatsoever and shall not be disclosed to any person except in accordance with the terms hereof.

2. "Classified Information," as used herein, means any information of any type, kind or character which is designated as "Confidential" of "For Counsel Only" (or "Attorneys' Eyes Only") by any of the supplying or receiving parties, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or otherwise. In designating information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"), a party will make such designation only as to or material which is available to the public, including catalogues, advertising materials, and the like, shall not be classified.

3. "Qualified Persons," as used herein means:

   a. Attorneys of record for the parties in this litigation and employees of such attorneys to whom it is necessary that the material be shown for purposes of this litigation;

      b.     Actual or potential independent technical experts or consultants who have signed a document agreeing to be bound by the terms of this protective order; The signed document may be obtained by opposing counsel only upon a showing of good cause and order by the Court.

      c.     The party or one party representative (in cases where the party os legal entity) who shall sign a document agreeing to be bound by the terms of this protective order; The signed document may be obtained by opposing counsel only upon a showing of good cause and order by the Court; and

      d.     Persons acting in their official capacity in issuing and/or serving documents such as Writs of Garnishment, Writs of Execution, and other such documents in connection with the post judgment collection proceedings.

4. "Protected Materials" means Defendant RAP Trucking Inc.'s current customer list and RAP's Customer sale history for the time period between January 1, 2009 to the present.

5. Documents produced in this action may be designated by any party or parties as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by marking each page of the document(s) so designated with a stamp stating "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

   In lieu of marking the original of a document, if the original is not produced, the designated party may mark the copies that are produced or exchanged. Originals shall be preserved for inspection.

6. Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a third party (which information pertains to a party) may be designated by any party as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by indicating on the record at the deposition that the testimony is "Confidential" or "For Counsel Only (or "Attorneys' Eyes Only") and is subject to the provisions of this Order.

   Any party may also designate information disclosed at such deposition as "Confidential" of "For Counsel Only (or "Attorneys' Eyes Only") by notifying all of the parties in writing within thirty (30) days of receipt of the transcript of the specific pages and lines of the transcript which should be treated as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") thereafter. Each party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody or control. All deposition transcripts shall be treated as "For Counsel Only" (of "Attorneys' Eyes Only") for a period of thirty (30) days after the receipt of the transcript.

7. a. "Confidential" information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons. Information designated as "For Counsel Only" (or "Attorneys' Eyes Only") shall be restricted in circulation to Qualified Persons described in Paragraphs 3(a) and (b) above.

   b. Copies of "For Counsel Only" (or "Attorneys' Eyes Only") information provided to a receiving party shall be maintained in the offices of outside counsel for Plaintiff(s) and Defendant(s). Any documents produced in this litigation, regardless of classification, which are provided to Qualified Persons of Paragraph 3(b) above, shall be maintained only at the offices of such Qualified Person and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of his litigation.

   c. Each party's outside counsel shall maintain a log of all copies of "For Counsel Only" (or "Attorneys' Eyes Only") documents which are delivered to any one or more Qualified Persons of Paragraph 3 above.

8. Documents unintentionally produced without designation as "Confidential" may be retroactively designated in the same manner and shall be treated appropriately from the date written notice of the designation is provided to the receiving party.

   Documents to be inspected shall be treated as "For Counsel Only" (or "Attorneys' Eyes Only") during inspection. At the time of copying for the receiving parties, such inspected documents shall be stamped prominently "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only").

9. Nothing herein shall prevent disclosure beyond the terms of this order if each party designating the information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") consents to such disclosure or, if the court, after notice to all affected parties, orders such disclosures. Nor shall anything prevent any counsel of record from utilizing "Confidential" or "For Counsel Only" (or "Attorneys" Eyes Only") information in the examination or cross-examination of any person who is indicated on the document as being an author, source or recipient of the "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information, irrespective or which party produced such information.

10. A party shall not be obligated to challenge the propriety of a designation as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this litigation disagrees at any state of these proceedings with the designation by the designating party of any information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only) or the designation or any person Qualified Person, the parties shall first try to resolve such dispute in good faith on an infomal basis, such as by production or redacted copies. If the dispute cannot be resolved, the

objecting party may invoke this Protective Order by objecting in writing to the party who has designated the document or information as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only"). The designating party shall be required to move the Court for an order preserving the designated status of such information within fourteen (14) days of receipt of the written objection, and failure to do so shall constitute a termination of the restricted status of such item.

The parties may, by stipulation, provide for exceptions to this order any party may seek an order of this Court modifying this Protective Order.

11. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such party shall, as set forth by Local Rule 5.4(B), file and serve a Motion for Leave to File such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information under seal.

12. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this order.

13. Within one hundred twenty (120) days after conclusion of this litigation and any appeal thereof, any document and all reproductions of documents produced by a party in the possession of any of the persons qualified under Paragraphs 3(a) through (d) shall be returned to the producing party, except as this Court may otherwise order or to the extent such information was used as evidence at the trial. As far as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced thereunder, such orders shall continue to be binding after the conclusion of this litigation, except (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal, and (b) a party may seek either the written permission of the producing party or order of the Court with respect to dissolution or modification of such protective orders.

14. This Protective Order shall become fully effective between and among the parties immediately upon their signing of the Order.

**DONE and ORDERED** in Chambers, this _____ day of June, 2010, at West Palm Beach in the Souther District of Florida.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

**/s/ Alvaro L. Mejer**
Alvaro L. Mejer
Florida Bar No. 222623
E-mail: amejer@armstrongmejer.com
Armstrong & Mejer, P.A.
222 Ponce De Leon Blvd.
Penthouse Suite
Coral Gables, Florida 33134
Telephone: 305-444-3355
Fax: 305-442-4300
Attorneys for Plaintiff

**/s/ Jeffrey S. Weiss**
Jeffrey S. Weiss
Florida Bar No: 750565
Email: jweiss@orlandolaw.net
Brown, Garganese, Weiss & D'Agresta, P.A.
111 N. Orange Avenue, Suite 2000
Orlando, Florida 32801
Telephone: 407-425-9566
Fax: 407-425-9596
Attorney for Defendant